IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
_____ DIVISION

PREMESSA JENKINS and next of kin of
her minor child T.J.,

Plaintiffs

v.

BUTTS COUNTY SCHOOL DISTRICT and
HEATHER BAIRD, in her individual and
official capacity as an employee of
BUTTS COUNTY SCHOOL DISTRICT,

Defendants.

5:15-CV-096

## COMPLAINT

Now comes the above plaintiff and shows the Court the following:

1. The Plaintiffs, Premessa Jenkins and Minor T.J. reside at 178 Jackson St. Jackson, Georgia 30233

2. The Defendant Heather Baird resides at 1337 Hillwood Ave. Griffin, Georgia 30223

3. The Defendant Butts County School District resides at 181 N. Mulberry St. Jackson, Georgia 30233

4. The Plaintiff contends that the Defendant Heather Baird, in her capacity as an employee of the Butts County School District, did, in fact, violate the Civil Rights of Tamia Jenkins under 18 U.S.C. 249a(2)(A),b(1)(D),c(1),d(1)

5. The Plaintiff further contends that the Defendant Butts County School District did not take proper action to prevent further occurrences of same and, in fact, took no action until a second incident occurred between Defendant Heather Baird and Minor child T.J.

6. As of Friday, October 1, 2010, T.J. was a student in a class for special needs at a high school operated by the Butts County School District.

7. Employees of the School District assigned to provide instruction and oversee the students in T.J.s class included a professionally licensed teacher and three paraprofessionals.

8. One of the paraprofessionals in the class on the subject day was Defendant Baird.

9. During the morning of October 1, 2010, while he teacher was out of the classroom, Plaintiff T.J. stood up. Ms. Baird became angry and responded by stepping on the minors foot. Defendant Baird asked the minor, "Did that hurt?".

10. The minor did not respond verbally but the pain caused her to frown. Defendant Baird stepped on the minors foot a second time, and again asked "Did that hurt?".

11. Then Defendant Baird made the minor go sit in front of the classroom television.

12. Plaintiff Jenkins was not notified that day that her child had been assaulted by a paraprofessional, and the school principal allowed Ms. Baird to remain in the classroom.

13. On Monday October 4, 2010, T.J. returned to class. During the day her face sustained trauma to the eyes and cheeks.

14. The trauma caused T.J.s left eye to blacken and swell. Welts developed on her face.

15. Defendant Baird caused the trauma to the minors face.

16. The acts of Defendant Baird were and offensive touching of the person of the minor T.J.

17. The Defendant Butts County School District was made aware of the first incident by witnesses to said incident. DFCS and the reigning law enforcement were also notified.

18. The Defendant Butts County School District chose not to have Defendant Baird arrested, and further chose to allow her to remain on full duty, in her current position, overseeing the minor child she had already assaulted.

19. The Plaintiffs pray to recover damages for personal injury, including pain and suffering and emotional distress arising from the conduct of the Defendants.

20. The Plaintiffs pray to be issued a public letter of apology from the Defendant Butts County School District.

21. The Plaintiffs pray that the Court order to be put in place a program funded by the Defendant Butts County School District, but not answerable to same, that monitors classes and the instructors therein to prevent any further actions to other students.

22. The Plaintiffs properly filed this action with the Superior Court of Butts County Georgia in 2012. The Superior Court did not grant any hearings for this action in the two year period that followed, violating the Plaintiffs right to

PROCEDURAL DUE PROCESS under the 14th Amendment of the Constitution.

23. This Court has jurisdiction over this matter under 18 U.S.C. 249a(2)(A),b(1)(D),c(1),d(1)

WHEREFORE, Plaintiffs pray that the Court grant the relief to which they are entitled in this proceeding, including:

That the Plaintiffs be awarded judgment against these Defendants in the form of general and special damages in the amount of $40,000,000.00 (forty million dollars).

That the Plaintiffs be awarded the costs of this action.

That this Court award such other relief as may be proper.

*Prenessa Jenkins*
(Signature and date)

178 Jackson Street Jackson Georgia 30233

(770) 820-7934